THE MANHATTAN SHIRT COMPANY, a corporation of the State of New York,

*vs.*

SARNOFF-IRVING HAT STORES, INC., a corporation of the State of New York, and MORRIS MINTZ, defendants, and ROBERT REIS & COMPANY, intervening defendant.

*New Castle, April 7, 1933.*

*William G. Mahaffy,* and *Ellis W. Leavenworth,* of the firm of Watson, Bristol, Johnson & Leavenworth, and *Herbert H. Maas,* of the firm of Maas & Davidson, both of New York City, for complainant.

*Hugh M. Morris* and *Wallace H. Martin,* of the firm of Nims & Verdi, of New York City, for defendants and intervenor.

THE CHANCELLOR: As will appear from an examination of the opinion filed on January 17th last, the real and substantial contest in this case was treated to be the one between the complainant and the intervenor, Robert Reis and Company, over the right of the latter to make and vend men's underwear under the label "Manhattan." The bill states two grounds of complaint against the original defendants, Sarnoff-Irving Hat Stores and Mintz, its manager, viz., (a) that they were selling to the retail trade men's underwear not of the complainant's manufacture, bearing the label "Manhattan" to the injury of the complainant and therefore in violation of its rights, and (b) that they falsely were representing to purchasers of men's wear that the garments sold by them were in fact the product of the complainant and that they therefore sold and palmed off on the public such men's wear made by others as being the product of the complainant.

Robert Reis and Company, makers of the men's wear

sold by the defendants, intervened for the purpose of defending the right of the defendants, as retailers of its product, to sell men's underwear under the name "Manhattan." After the Reis Company intervened, the ground of complaint above referred to as (a) became so dominant in the subsequent progress and consideration of the cause that the one referred to as (b) was overshadowed by it. The result was that in the court's mind, the complaint against the unfair competition on the part of the original defendants referred to in (b) was over-looked. Though that phase of the case is relatively a very minor one, it nevertheless should not have been allowed by me to have become lost in the mass of evidence and argument which was directed to the major one.

The complainant now makes the point that the bill should not be dismissed as to that branch of it which complains against the alleged palming off by the original defendants of men's underwear not made by the complainant as being the product of the complainant. It bases its contention on two grounds, first, that the cause being at that stage only where the complainant has rested in the offering of proof, no motion to dismiss was made by the defendants, and second, if such motion had been made, it should have been denied because evidence had been introduced by the complainant sufficient to call upon the original defendants to proceed with their defense, if they have any, upon the issue of whether they had falsely represented underwear not made by the complainant to be of the complainant's manufacture.

The original defendants have now supplied the motion to dismiss. The first ground upon which the complainant relies may, therefore, be disregarded. Attention need be paid then to only the second ground. Applying that to Mintz, the manager, it is not sustainable, because there is no evidence supporting the charge that he falsely represented underwear not of the complainant's manufacture

to be in fact of its make, or was a party to such representation. There is evidence, however, sufficient to sustain the conclusion that certain clerks in the employ of the Sarnoff-Irving Hat Stores as salesmen made such representations. In view of that fact the bill should be retained against that company. It should be dismissed, however, as to Mintz. A rehearing is moved in order that the complainant may press its point that the bill should not be dismissed against the two original defendants, as the opinion heretofore filed stated it should be. A formal rehearing is not necessary. It is sufficient for me to say that when a decree is presented, the dismissal will go only so far as just indicated. The matter appears to me too plain to justify the hearing of argument upon it in a formal way.

The complainant contends further that the bill should not be dismissed as against the intervenor, Robert Reis and Company, as the opinion heretofore filed indicates it should, and moves for a rehearing in order that it might elaborate its views in support of that contention. The motion will be denied.

In making the motion the complainant insists that it is not seeking to re-open before the court the principles of law upon which the opinion heretofore filed rests. It takes the position that, accepting the opinion as free from error in point of legal principles, yet the result of dismissal should not ensue, because, it contends, since the evidence shows confusion of the public by the use of the word "Manhattan" as a label on men's wear manufactured by the complainant and the Reis Company, the court should by an injunctive order require the latter company in its use of the word as a mark or label to do so in conjunction with some distinguishing feature, such as a display of its own name as maker, in order that "Manhattan" when appearing on the Reis product might not by any possibility be attributed by the purchasing public to the complainant as the source of origin.

The complainant insists on regarding the Reis Com-

pany as a junior user of the name "Manhattan" on men's underwear, and it relies on the principle of *Singer Mfg. Co. v. June,* 163 *U. S.* 169, 16 *S. Ct.* 1002, 41 *L. Ed.* 118; *Thaddeus Davids Co. v. Davids,* 233 *U. S.* 461, 34 *S. Ct.* 648, 58 *L. Ed.* 1046; *Warner & Co. v. Eli Lilly & Co.,* 265 *U. S.* 526, 44 *S. Ct.* 615, 68 *L. Ed.* 1161, and *Andrew Jergens Co. v. Bonded Products Corp., (C. C. A.)* 21 *F.* (2d) 419, to sustain its proposition that a junior user of a name which he has a right to employ will be required to take such reasonable steps as may be requisite to prevent purchasers from confusing his merchandise with that of a senior user of the name. Those cases are, however, distinguishable from this one in such an important particular that their principle is inapplicable. In those cases, there were no such contracts between the parties as we find in this one. The opinion reported *ante p.* 151, 164 *A.* 246, refers to the contracts in considerable detail. Those contracts seem to me to show that, so far as men's underwear is concerned, the right of the intervenor to use the label "Manhattan" is in a sense superior to that of the complainant. This conception was expressed at one point in the opinion above referred to in the following way:

> "The contract of 1920 expressly commits the complainant to the truth of the fact that prior thereto when underwear was labeled with the word 'Manhattan' it was recognized by the public as originating with the defendant (Reis Company); and all the intendments of the contract of 1913 indicate that, as to underwear, the defendant's (Reis Company's) continual use of the label as indicating a source of origin was more extensive in right than was that of the complainant."

Thus, the element of priority of use of a name which is common in right to two competitors, which lies at the bottom of the cited cases as justification for requiring the junior user to adopt identifying and distinguishing features in connection with the common name, is unavailing to the complainant here.

Furthermore, one cannot read the contracts without concluding that the parties recognized the possibility of confusion and themselves agreed in terms upon the method and manner of distinguishment in their respective use of the word upon men's wear. The parties having agreed upon such matters as that, I am unable to see what warrant there would be for this court to undertake through the instrumentality of an injunction in substance to revise the contracts for the parties by writing therein new terms and conditions dealing with those matters.

The motion for rehearing is denied.

Order accordingly.